JOSEPH E. ROBERTS, JR.,

*v.*

WEST JERSEY AND SEASHORE RAILROAD COMPANY.

[Decided January 12th, 1907.]

1. Equity has no jurisdiction of a suit by an owner of property in a block through which an elevated railroad was about to be constructed, crossing and vacating a street on which complainant's property abutted, to enjoin its construction, unless complainant, by the undisputed facts of the case, and according to the settled law of the state, establishes his legal private right in that part of the street which would be vacated by the construction of the road.

2. In a suit to enjoin the construction of an elevated railway, and the vacation of a certain street therefor, the fact that the legal right on which complainant founded his claim was wholly settled was not shown, where it did not appear that his predecessor in title purchased by reference to the street, the vacation of which was sought to be enjoined, at any time prior to its becoming a public street, though it was alleged that complainant's predecessor in title and the other owners on that street widened it, by vacating ten feet of their respective fronts, thus making the several properties more valuable, and increasing the price the complainant was obliged to pay for his property.

3. Nothing short of threatened destruction of property of great value, by acts of wanton lawlessness, inflicting injuries which, if not prevented, must result in irreparable damages, will justify the granting of an injunction staying an important public work, such as the construction of an elevated railroad and the vacation of a street therefor.

On bill for injunction and answering affidavits.

The bill seeks to enjoin defendant from constructing its elevated railway across Cherry street, Camden. The proposed structure will be an embankment which wholly prevents travel along the old line of the street. Complainant is the owner of property in the block where the crossing is being constructed. The present application is for a preliminary injunction, and has been heard on bill and answering affidavits at the return of the order to show cause.

*Mr. E. Ambler Armstrong,* for the complainant.

*Messrs. Gaskill & Gaskill,* for the defendant. ·

LEAMING, V. C.

The elevated railway of defendant is being constructed pursuant to the provisions of the act of March 20th, 1901 (*P. L. 1901 p. 116*), which act authorizes a city to enter into a contract with a railroad company to change or elevate its road, and for that purpose to vacate, change the grade of, or alter the lines of streets. Pursuant to that statute contracts were made and ordinances passed by the city of Camden authorizing the work now in progress. Among the ordinances passed for the purpose was one vacating that portion of Cherry street now in question. Defendant is the owner of the property on either side of Cherry street abutting the part vacated.

The claim of complainant is based upon the theory that the vacation of the portion of Cherry street in question is, in legal effect, no more than a vacation of the public rights in the part of the street vacated, and that there still remains in the property owners on other parts of the street—and especially property owners in the same block—private rights in the part vacated

which cannot be destroyed by municipal action without compensation. The private rights referred to are those described in *Booraem* v. *North Hudson County Railroad Co., 40 N. J. Eq. (18 Stew.) 557, 564,* as emanating as follows:

"Whenever a dedication of a public highway is effected—as it usually is—by means of a conveyance to private persons by reference to a proposed street over other lands of the grantor, the private rights of the several grantees precede the public right, and are the source from which the public right springs. By such conveyance the grantees are regarded as purchasers by implied covenant of the right to the use of the street as a means of passage to and from their premises, as appurtenant to the premises granted, and this private right of way in the grantees is wholly distinct from and independent of the right of passage to be acquired by the public."

If it were necessary in this case to determine whether private rights acquired in this manner survive after the street has been accepted by a municipality and thereafter vacated, I should favor the view that the implied covenants from which these rights emanate relate only to the period of time between the original act of dedication and its consummation arising from the acceptance by the municipality; that the implied covenants contemplate not only the probable future acceptance by the municipality, but also contemplate the surrender of entire dominion and control to the municipality for the public welfare when such dedication shall have been consummated by public acceptance. But this view is not essential to the proper disposition of the present application, for this court has no jurisdiction to award the relief sought unless the legal right on which complainant rests his claim is, as a matter of law, wholly settled. To entitle complainant to the writ he seeks he must have demonstrated that, on the undisputed facts of this case, and according to the established law of this state, he has the private right which he claims in that part of Cherry street which has been vacated. *Hart* v. *Leonard, 42 N. J. Eq. (15 Stew.) 416; Outcalt.* v. *Helme, 42 N. J. Eq. (15 Stew.) 665; Todd* v. *Staats, 60 N. J. Eq. (15 Dick.) 507.*

The unsettled nature of complainant's claim is apparent. In *Booraem* v. *North Hudson County Railroad Co., supra,* a claim of rights of this class is treated as doubtful. In *Dodge* v. *Pennsylvania Railroad Co., 43 N. J. Eq. (16 Stew.) 351, 354 (affirmed, 45 N. J. Eq. (18 Stew.) 366),* it is said:

"The precise question, then, which this case presents is this: Is it settled, as a matter of law in this state, that if any part of a public street is, at any time subsequent to the date of a conveyance of land abutting on it, abandoned or surrendered, the grantee named in such conveyance takes, by implied grant or covenant, a private right of way over that part of the street in which the public right has been extinguished? I know of no case decided by a superior court in this state which so discloses the law. None was cited on the argument of the motion. The question is one on which the courts of sister states are at variance."

In the present case it does not clearly appear that complainant's predecessor in title purchased, by reference to Cherry street, at a time prior to that street becoming a public street; but the averment is made that complainant's predecessor in title and the other owners on that street widened the street by vacating ten feet of their respective fronts, thus making the several properties more valuable, and that by reason of that fact complainant was obliged to pay an increased price for his property. In *Kean* v. *Elizabeth, 54 N. J. Law (25 Vr.) 462,* the claim was made by prosecutrix that when the street on which she owned was laid out she was assessed for benefits, and on that fact she based a claim to a vested right in the continued existence of the street, and contested the vacation of a portion of the street distant from her property. The right there asserted somewhat resembles the claim here asserted, based on the widening of the street at complainant's expense. The view entertained by the supreme court was that the damages complained of by prosecutrix, though greater in degree, were not different in kind from that of any other member of the community who would have had occasion to pass over the vacated highway.

Another ground exists on which the relief prayed should be denied. In *Dodge* v. *Pennsylvania Railroad Co., supra,* the

learned vice-chancellor states with great force, as a principle of equity, that in cases like the present, where, if the court acts, an important public work, designed to free public travel from peril and to give greater security to human life, will be arrested and seriously delayed, nothing short of the threatened destruction of property of great value, by acts of wanton lawlessness, inflicting injuries which if not prevented must result in irreparable damage, will justify the court in issuing a command that the work should stop.

The motion for an injunction will be denied.